IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

July 11, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DOUGLAS WAYNE TRAMMELL, | ) | C.C.A. No. 01C01-9602-CC-00083 |
| | ) | |
| Appellant, | ) | Montgomery County |
| | ) | |
| VS. | ) | Honorable James E. Walton, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post Conviction - Coram Nobis) |
| | ) | |
| Appellee. | ) | |

For the Appellant:                        For the Appellee:

Alan R. Beard                             Charles W. Burson
737 Market Street, Suite 601              Attorney General and Reporter
Chattanooga, TN 37402                           and
                                          Karen M. Yacuzzo
                                          Assistant Attorney General
                                          450 James Robertson Parkway
                                          Nashville, TN 37243-0493

                                          James Wesley Carney, Jr.
                                          District Attorney General
                                                and
                                          Arthur Bieber
                                          Assistant District Attorney General
                                          204 Franklin Street, Suite 200
                                          Clarksville, TN 37040

OPINION FILED: _____

AFFIRMED

Joseph M. Tipton,
Judge

**O P I N I O N**

This is an appeal from the dismissal of the petitioner's petition seeking post-conviction relief and a writ of error coram nobis. The sole issue with regard to the post-conviction relief petition is whether the petitioner was deprived of effective assistance of counsel when he was convicted of felony murder. The sole issue with regard to the writ of error coram nobis is whether newly discovered evidence entitled the petitioner to a new trial. The trial court denied relief on all grounds. We affirm.

**FACTS**

A brief recitation of the evidence introduced at the original trial is appropriate. On the date of the homicide, the petitioner and the codefendant, Chris Moore, consumed a considerable amount of liquor and went to a Clarksville "strip bar," The Pink Lady. Rory Capps was a patron at the bar and cashed a $1,500.00 check. Subsequently, Capps left with the petitioner and Moore, presumably to be carried home. The testimony conflicted from this point. Moore contended that the petitioner robbed and killed Capps. The petitioner claimed that he was asleep, and when he awoke, Capps was no longer in the vehicle.

On the same evening, the petitioner and Moore drove to the home of Cindy Dickson, a dancer at The Pink Lady. Dickson testified that the petitioner advised her that he had killed Capps and showed her the money he had taken. The petitioner forced himself upon Dickson, but was unable to have sex. Both Dickson and Moore testified that the petitioner threatened to kill them if they told anyone about the homicide.

The body of Capps was subsequently found by the side of a country road. He had multiple gunshot wounds to the back of the head and neck.

2

Based upon this evidence, the petitioner was convicted of felony murder and received a sentence of life imprisonment. Moore was found guilty of second degree murder. The petitioner's judgment of conviction was affirmed on appeal. State v. Douglas Wayne Trammell, No. 01C01-9210-CC-00330, Montgomery County (Tenn. Crim. App. 1993), app. denied (Tenn. Nov. 29, 1993).

## ISSUES FOR REVIEW

The petitioner contends that his trial counsel was ineffective in the following respects:

(1) counsel did not undertake an appropriate pretrial investigation;

(2) counsel failed to call a witness to establish an alibi defense;

(3) counsel failed to secure the testimony of Ann Stover who could prove the petitioner's innocence;

(4) counsel failed to establish that the victim did not die in the manner described by state witnesses;

(5) counsel failed to call witnesses to establish the absence of gunfire at the alleged site of the homicide;

(6) counsel failed to have the petitioner's clothing tested for blood or gunpowder residue and failed to have Moore's car tested for fingerprints and other scientific evidence;

(7) counsel failed to present testimony of Moore's ex-wife as to Moore's violent behavior;

(8) counsel failed to call witnesses to show the petitioner's good character; and

(9) counsel did not adequately prepare the petitioner for his trial testimony.

As to the petition for writ of error coram nobis, the petitioner contends that the trial court erred in not granting a new trial based upon the testimony of two inmates that Moore had confessed to committing the murder.

3

## SCOPE OF REVIEW

We first note that the trial court made extensive findings concerning these issues, concluding that the allegations of ineffective assistance of counsel were without merit. The trial court found that virtually all of the allegations of ineffectiveness related to strategic decisions made during the course of trial. Also, it found that counsel not only met but exceeded the standards expected of defense counsel.

The trial court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Id.

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975) and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). A petitioner has the burden of proving that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler 789 S.W.2d at 899.

The test in Tennessee for determining whether counsel provided effective assistance is whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. A

4

petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). In order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Goad, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Cooper, 847 S.W.2d at 528 (Tenn. Crim. App. 1992).

When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of a defense, these witnesses should be presented by the petitioner at the evidentiary hearing. Black, 794 S.W.2d at 757. As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in the investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to petitioner's prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner. Id. Neither the trial court nor this court

5

can speculate on what the testimony of a witness might have been if introduced by counsel. Id.

## I. PRETRIAL INVESTIGATION

The petitioner contends his trial counsel conducted an inadequate pretrial investigation. Contrary to these assertions, the trial court found that counsel spent an inordinate amount of time at the scene of the crime searching for evidence. In addition, the trial court found that counsel talked to numerous witnesses. In essence, the trial court found that the pretrial investigation was appropriate. The evidence does not preponderate against this finding. This issue is without merit.

## II. ALIBI TESTIMONY

The petitioner contends that counsel should have called the petitioner's father to testify that the petitioner was at home at approximately 1:30 a.m. when the murder was alleged to have occurred. This proposed testimony would not have been consistent with the petitioner's testimony. The petitioner admitted being in the car and claimed that he fell asleep. The petitioner testified that when he awoke, Capps was gone. The failure to use the father's testimony was strategic and did not prejudice the petitioner. This issue is without merit.

## III. TESTIMONY OF ANN STOVER

The petitioner contends that counsel should have called Ann Stover a/k/a Katrina as a witness, and she would have testified that the petitioner was innocent. Unfortunately, this potential witness disappeared prior to the original trial. Counsel made an attempt to find her but was unable to do so. Furthermore, the petitioner did not produce her testimony at the post-conviction hearing. We are unable to speculate as to what her testimony would be. See Black, 794 S.W.2d at 757. This issue is without merit.

## IV.  MANNER OF DEATH

The petitioner contends that counsel should have established that the murder had not  taken place at the location or in the manner suggested by Moore.  He specifically contends counsel should have consulted a ballistics expert.  Since no ballistics expert testified at the post-conviction hearing, the petitioner has not shown prejudice.  This issue is without merit.

## V.  ABSENCE OF GUNFIRE

The petitioner contends that counsel was woefully deficient in failing to call witnesses who would establish they heard no gunshots near the place where the body was found.  Trial counsel was aware that there were no such witnesses as was the state.  According to counsel, this was never a disputed issue.  Counsel saw no need to put on such proof.  This was a tactical decision.  Furthermore, there is no showing that the result of the proceedings would have been any different had this testimony been introduced.  This issue is without merit.

## VI.  ANALYSIS OF PHYSICAL EVIDENCE

The petitioner contends that counsel was deficient in failing to have the petitioner's clothes analyzed for blood and gunpowder residue.  He further contends that counsel was deficient in not having Moore's car tested for fingerprints and other scientific evidence.  There was no testimony at the post-conviction hearing as to what a scientific analysis on the clothes or automobile would have revealed.  Accordingly, the petitioner has failed to show prejudice.  As to the automobile, we note that the petitioner admitted to being in the car on the night of the murder; therefore, the relevance of a scientific analysis of the car has not been shown.  This issue is without merit.

## VII.  CODEFENDANT'S REPUTATION FOR VIOLENCE

The petitioner contends that counsel was ineffective by failing to procure the testimony of Moore's ex-wife to show Moore's violent nature. First, we note that it is questionable whether such evidence would have been admissible. See Tenn. R. Evid. 404. Second, it was trial counsel's understanding that at the time of trial Moore's ex-wife was unlikely to say anything bad against Moore. Accordingly, counsel felt her testimony might be detrimental. The decision not to call her as a witness was an appropriate tactical choice. This issue is without merit.

## VIII. CHARACTER PROOF

The petitioner places great emphasis upon trial counsel's failure to put on proof as to the petitioner's good character. Counsel made a deliberate decision not to call character witnesses. This decision was based upon his fear of "opening the door" so as to allow the state to introduce evidence of the petitioner's prior violent acts. Although the petitioner had earlier been acquitted of an aggravated assault upon several persons relating to a "drug deal," counsel still feared that it was risky to put on character proof. This tactical decision is not subject to post-conviction challenge.

## IX. PETITIONER'S TESTIMONY

The petitioner contends that trial counsel did not adequately prepare him for his trial testimony. This allegation is not supported by the evidence. Counsel did go over the petitioner's testimony with him prior to trial. At that time the petitioner seemed very credible. However, the petitioner conceded that, at trial, he "stupidly ran [his] mouth about things that were impertinent [sic] to the trial." He further conceded his testimony was "radical and crazy" and that he did not follow his lawyer's advice. The petitioner improperly blames counsel for his own demeanor and conduct. This issue is without merit.

## WRIT OF ERROR CORAM NOBIS

The petitioner contends that the trial court erred by denying his writ of error coram nobis based upon newly discovered evidence. The evidence in support of the writ consisted of the testimony of two inmates who had been incarcerated with Moore. One inmate testified that he heard Moore tell another inmate, to the effect that he had killed a person before and would not mind killing the inmate. The witness indicated that Moore never gave the alleged victim's name. The other inmate testified that Moore admitted to killing someone. The name "Doug" (petitioner) was mentioned. According to this inmate, Moore said that he and a friend were out drinking, and his friend was passed out when Moore shot the victim. Moore testified on behalf of the state and denied making any such statements to these witnesses.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105; State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988), 493 U.S. 874, 110 S. Ct. 210 (1989). In exercising its discretion, the trial court must determine the credibility of the witnesses who testify in support of the petition for writ of error coram nobis. Hart, 911 S.W.2d at 375.

Upon considering the testimony of these witnesses, the trial court noted the questionable character of the statements, the circumstances under which they were made, and Moore's denial in making such statements. In its written order, the trial court found that "the testimony, if assumed to be true, would not affect the outcome . . . and the fact this is a felony murder conviction." The trial court did not abuse its discretion in so ruling. Accordingly, the petition for writ of error coram nobis was properly denied.

9

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge